**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DONALD JOHN RILEY,

      Defendant-Appellant.

No. 97-1091
(D.C. No. 96-CR-322-S)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **EBEL** and **KELLY**, Circuit Judges.

Donald John Riley ("Riley") appeals the district court's upward departure in sentencing him for firearm theft. We affirm in part, but vacate the sentence and remand for re-sentencing.

**BACKGROUND**

Under Federal Rule of Criminal Procedure 11(e)(1)(C), Riley entered a plea of guilty to a one-count indictment of stealing three handguns from the EZ Pawn

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Store in Colorado Springs, Colorado, a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(u).  (   R. I, Docs. 1 & 5  ).  The plea agreement provided for a 30-month sentence based on a sentencing range of 24 to 30 months, reflecting a "tentative" Criminal History Category IV [1] and an adjusted offense level of 13 under the United States Sentencing Guidelines (the "Guidelines"). [2] (R. I, Doc. 5  ).  The district court reserved ruling on its acceptance of Riley's guilty plea until after it had an opportunity to review the Presentence Investigation Report (the "PSR").  (   Supp. R. II at 6-7   ).

The PSR recommended an adjusted offense level of 13.  (   PSR at 6 ).  However, the PSR concluded that Riley's extensive criminal record placed him in Criminal History Category VI, not Category IV, resulting in a sentencing range of 33 to 41 months under the Guidelines.  (   PSR at 40 ).  The PSR allotted Riley 17 criminal history points for his prior convictions on the following charges:  open or gross lewdness, a Driving Under the Influence conviction, possession of less

---

[1]  The plea agreement acknowledged that the district court might determine that Riley's Criminal History Category should be VI, in which case he could be sentenced up to 41 months.

[2]  The offense level of 13 reflected a base offense level of 14 under § 2K2.1(b) of the Guidelines for a violation of 18 U.S.C. § 922(u), a one-level increase in the base offense level under § 2K2.1(b)(1)(A) because Rile stole three handguns, and a two-level downward adjustment for acceptance of responsibility under § 3E1.1(a).

than eight ounces of marijuana, harassment, shoplifting, and seven convictions of indecent exposure. ( PSR at 7-32 ).

Because of the limits prescribed in § 4A1.1(c) of the Guidelines, Riley did not receive any criminal history points for the following additional prior criminal conduct: a deferred judgment for indecent exposure; two Driving While Ability Impaired convictions; criminal trespass; permitting an unauthorized person to drive a vehicle; indecent exposure; harassment; public indecency; trespassing; providing false information; third degree assault; and two counts of shoplifting. (PSR at 7-32 ). In addition, no points were allotted for pending charges against Riley on two counts of felony possession of marijuana and methamphetamine; pending charges on two counts of felony theft of goods valued at less than $15,000; and charges dropped in exchange for a guilty plea on counts of possession/sale of a controlled substance, habitual offender driving on revoked license, aggravated car theft, criminal impersonation, possession of controlled substance paraphernalia, and indecent exposure. ( PSR at 7-32 ).

Had the PSR included these various non-counted criminal charges, Riley would have had 29 criminal history points ( PSR at 32 ), more than twice the minimum number of 13 required to be placed in Category VI, the highest possible Criminal History Category. Because of Riley's extensive criminal history, the PSR stated that if the district court "finds that the defendant's criminal history

significantly understates the . . . likelihood that he will reoffend, then the Court could consider an upward departure." ( PSR at 45 ).  Riley did not object to the PSR other than to correct one misstatement about his record, which the court accepted.  ( R. II at 3 ).

At the sentencing hearing, the parties requested a modification of the plea agreement to require a 33 month term of imprisonment, the minimum sentence for offense level 13 and Criminal History Category VI.  ( R. II at 4 & 10 ).  The district court agreed with the PSR's recommendations of an offense level of 13 and Criminal History Category VI, but considered a 33 month sentence insufficient.  ( R. II at 16 & 21 ).  Among other things, the district court noted that Riley had pled guilty to four felonies in state court and that sentencing on those state offenses had been "conveniently deferred" until after sentencing in this federal case, and the court was advised that an agreement had been reached in the state cases providing that any sentence Riley received probably would run concurrent to any federal sentence.  The district court commented on Riley's extensive criminal history, including the crimes and charges for which criminal history points were not assessed, stating:

> This man is a walking crime wave.  I think it's absolutely obvious that this young man will, whenever he is released to society, will [sic] commit other crimes.  There isn't a likelihood; there's a substantial likelihood that he will continue to commit crimes, if not a practical sur[e]ty.

(R. II at 20 ).  As a result, the district court placed Riley in Criminal History Category VI and then made an upward departure by increasing Riley's offense level to level 15 under § 4A1.3 of the Guidelines and imposed the maximum sentence of 51-months of imprisonment.  (    R. II at 22 ).  Despite being given an opportunity to do so, Riley chose not to withdraw his plea.  (     R. II at 25 ).  He now appeals the district court's departure.

## DISCUSSION

Riley contends that the district court erred both by upwardly departing in his sentence and by failing to give him proper notice of its intent to upwardly depart. [3]  We address each argument in turn.

## I.  Upward Departure

Riley argues that the district court erred by upwardly departing because his record, although extensive, does not reflect a history of serious crime.  We review a district court's decision to depart from the Guidelines under a "unitary" abuse of

---

[3]  In a prior order, this court directed the district court to supplement the record on appeal with the transcript of the change of plea hearing and the certificate of delivery of the PSR.  The United States has moved to supplement the record on appeal by including a January 29, 1997, letter from the Probation Office transmitting the addendum to the PSR.  However, because the January 29, 1997, letter is attached to the PSR addendum submitted by the district court in compliance with this court's prior order, the letter is already part of the appellate record, and thus the motion by the United States is moot.

discretion standard.   See Koon v. United States , 518 U.S. 81, 99-100 (1996);

United States v. Collins , 122 F.3d 1297, 1302 (10th Cir. 1997).   [4]

> [I]n determining whether the district court abused its discretion in
> departing from the Guidelines, appellate courts after   Koon must
> evaluate: (1) whether the factual circumstances supporting a
> departure are permissible departure factors; (2) whether the departure
> factors relied upon by the district court remove the defendant from
> the applicable Guideline heartland thus warranting a departure, (3)
> whether the record sufficiently supports the factual basis underlying
> the departure, and (4) whether the degree of departure is reasonable.

Collins , 122 F.3d at 1303.

Riley first argues that the district court's reasons for upwardly departing are

not permissible departure factors.  He contends that his criminal activities were not

"serious" and thus do not support a departure under § 4A1.3, which provides:

> If reliable information indicates that the criminal history category does not
> adequately reflect the seriousness of the defendant's past criminal conduct
> or the likelihood that the defendant will commit other crimes, the court may
> consider imposing a sentence departing from the otherwise applicable
> guideline range.  Such information may include, but is not limited to,
> information concerning:
> (a)  prior sentence(s) not used in computing the criminal history category
> (e.g., sentences for foreign and tribal offenses);
> (b)  prior sentence(s) of substantially more than one year imposed as a result
> of independent crimes committed on different occasions;
> (c)  prior similar misconduct established by a civil adjudication or by a
> failure to comply with an administrative order;

---

[4]  The United States suggests that we should review this question only for
plain error because Riley failed to object below.  However, the transcript of the
sentencing hearing shows that Riley specifically preserved his right to appeal the
district court's upward departure. (   R. II at 25-26  ).

(d) whether the defendant was pending trial or sentencing on another charge at the time of the instant offense;

(e) prior similar adult criminal conduct not resulting in a criminal conviction.

(emphasis added). Thus, a departure is warranted either if the criminal history understates the seriousness of the defendant's crimes or if the criminal history understates the likelihood that the defendant will commit future crimes. Here, the district court expressly decided to upwardly depart under § 4A1.3 after finding a substantial likelihood, "if not a practical sur[e]ty," of recidivism, and that finding is amply supported by the record. (   R. II at 20   ). Such a factor is a permissible basis to support an upward departure under the Guidelines.

Second, Riley claims that his criminal history does not remove him from the heartland of Guideline cases under Criminal History Category VI. To the contrary, the district court noted that this was the longest and most involved criminal history the probation officer had seen in eight years on the job. (   R. II at 7  ). We believe that the district court properly found that Riley was outside the heartland of cases.

Finally, Riley contends that the degree of the departure was unreasonable and that the district court abused its discretion by failing to explain on the record why it chose a two-level departure. We agree that the district court failed to explain the reason for the degree of departure, and accordingly we cannot evaluate properly on this record the reasonableness of the degree of departure.

> [I]n departing from the applicable guideline range, a district court must specifically articulate reasons for the degree of departure. The district court may use any reasonable methodology hitched to the Sentencing Guidelines to justify the reasonableness of the departure, which includes using extrapolation from or analogy to the Guidelines.

Collins , 122 F.3d at 1309 (internal quotations and citations omitted). Here, the district court did not state specifically why it decided that Riley's likelihood of committing future crimes warranted a two-level as opposed to a one-level or any greater level of departure. In addition, although the PSR suggested an upward departure, the PSR neither indicated a recommended departure level nor contained reasons for adopting any particular departure. Thus, the district court could not have relied on the PSR to justify the degree of the departure. The district court only stated that it did not consider eight months (the difference between the 33 months the parties agreed on at sentencing and the 41 months at the top of the range) to be sufficient. (R. II at 21-22). An offense level of 14 would have produced a sentencing range of 37 to 46 months, while the sentencing range under offense level 15 in Criminal History Category VI is 41 to 51 months. We do not know why the district court considered the eight-month difference between 33 and 41 months to be insufficient or why the district court believed that a 51-month sentence sufficed. As a result, the district court erred by failing to offer a detailed explanation of its reasoning.

## II. Notice

Riley contends that the district court erred in not giving him prior notice of its intent to upwardly depart. See Burns v. United States, 501 U.S. 129, 135 (1991) (requiring notice of an intent to depart upward). Because Riley did not raise this issue below, it is reviewable only for plain error. See Johnson v. United States, 520 U.S. 461, ___, 117 S. Ct. 1544, 1548 (1997). Under the plain error test, there must be (1) an error (2) that is plain (3) that affects substantial rights and (4) and that seriously affects the "fairness, integrity, or public reputation of the judicial proceedings." Id. at 1548-49. We conclude that even if Riley did not receive proper notice, no fundamental miscarriage of justice occurred that requires us to remedy such error. After announcing its decision to upwardly depart at the sentencing hearing, the district court offered Riley the opportunity to withdraw his guilty plea, which he declined. (R. II at 25-26). He also refused the district court's offer to arrange for additional time for him to consider his position. (R. II at 25-26). Consequently, to the extent that Riley was deprived of an opportunity to argue against the departure, the district court offered to remedy that deprivation by allowing him to withdraw his plea or receive a continuance. Thus, any failure to provide notice did not constitute to plain error.

## CONCLUSION

For the reasons discussed above, we AFFIRM the district court's decision to upwardly depart, but REMAND so that the district court can articulate the reasons for the degree of the upward departure selected.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge